**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| LISA R. LEE, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:03-CR-0043-LMM-JFK-2 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:16-CV-2817-LMM-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, Lisa R. Lee, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of the revocation order entered in this Court on February 9, 2010, under the above criminal docket number. The matter is before the Court for preliminary review of Movant's § 2255 motion [139] and on her motion seeking to proceed *in forma pauperis* [140]. Rule 4(b) requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons discussed below, it is recommended that Movant's § 2255 motion be dismissed for lack of jurisdiction.

## I. Discussion

In April 2005, following a guilty plea by Movant, the Court imposed five concurrent eighteen-month terms of imprisonment and three years of supervised release. (J., ECF No. 96). Movant's term of supervised release began on November 20, 2006. (See Pet. for Warrant at 2, ECF No. 110). Thereafter, the government petitioned that Movant's release be revoked based on probation violations beginning in 2007. (Id.). The Court held a revocation hearing in February 2010. (Hr'g Tr., ECF No. 136).[1]  By order entered on February 9, 2010, the Court revoked Movant's supervised release and ordered that Movant serve twenty-three months in prison and thirteen additional months of supervised release. (Order Revoking Supervised Release, ECF No. 135). Movant did not seek direct review.

On August 10, 2010, in a separate criminal action in this Court, Movant was indicted and convicted for conspiracy, bank fraud, and aggravated identity theft.

---

[1] During the revocation hearing, the government reviewed Movant's conduct, thirteen probation violations which it classified as "massive criminal activity." (Hr'gTr. at 2-9, 18). Also at the hearing, after Movant told the Court that she wanted to start over and may want to travel, the Court stated, "[t]here is always a possibility there could be an indictment out of these charges and I gather [Movant] is aware of that, Mr. Saul, correct?" (Id. at 17, 19). Counsel responded, "She is aware." (Id.).

2

United States v. Lee, No. 1:10-cr-0345-WCO-CCH-1 (N.D. Ga. Mar. 2, 2012) ("Lee-0345").[2]

On July 28, 2016, Movant submitted for filing the instant § 2255 motion, her first § 2255 motion in this action. (Mot. to Vacate, ECF No. 139). Movant asserts ineffective assistance by Michael Saul, her counsel for the revocation proceedings. (Id. at 4-8, 10, 12 (stating that all grounds relate to Michael Saul's ineffectiveness)). Movant asserts that Mr. Saul was ineffective because he failed to inform the Court that Movant had entered into a written proffer agreement with the government in which the government had agreed not to indict Movant on her illegal conduct that was the subject of the proffer and the revocation proceedings.[3]  (Id. at 5, 8, 12).

---

[2]After the Eleventh Circuit Court of Appeals affirmed the judgment against Movant in 1:10-cr-0345, Movant sought relief under § 2255, which was denied, and her appeal from the denial of her § 2255 motion in 1:10-cr-0345 currently is pending before the Eleventh Circuit. See Judgment of USCA, Mot. Vacate, and Order, Lee-0345, ECF Nos. 84, 88, 112; Lee v. United States, No. 14-15095 (11th Cir. filed Nov. 10, 2014).

[3]Movant's assertion on this issue is contradicted by the record and appears to be a deliberate misrepresentation. See supra n.1.

3

This action must be dismissed. In addition to timeliness issues,[4] the Court otherwise lacks jurisdiction over the instant petition. A federal prisoner whose sentence has expired before he files his § 2255 motion is not in custody under that sentence, and § 2255 cannot be used to challenge the expired sentence and related conviction.

Under § 2255, a federal prisoner "in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To come within § 2255's scope, the movant must be in custody under the sentence being challenged, and relief under § 2255 is unavailable for a sentence that has been completed. See Diveroli v. United States, 803 F.3d 1258, 1262 (11th Cir. 2015) (stating that the movant must be in custody); United States v. Peter, 310 F.3d 709, 712

---

[4] A one year limitations period applies to § 2255 motions, and more than six years have passed between the February 23, 2010, date on which the February 9, 2010, revocation order became final and the filing of Movant's July 2016 § 2255 motion. See 28 U.S.C. § 2255(f); Fed. R. App. P. 4(b)(1)(A) (2010).

4

(11th Cir. 2002) ("A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255."); United States v. Hay, 702 F.2d 572, 573 (5th Cir. 1983) ("Because Hay has completed his sentence, relief is unavailable under 28 U.S.C. § 2255."); Counts v. United States, 441 F.2d 1377, 1378 (5th Cir. 1971) ("[T]his motion is not properly within the scope of Section 2255 since petitioner has completed serving the sentence he now seeks to have vacated."); Hollinger v. United States, 345 F.2d 179, 179 (5th Cir. 1965) ("A proceeding under 28 U.S.C.A. § 2255 can be maintained only if the applicant is serving the sentence which is under attack."); Sun v. United States, 342 F. Supp. 2d 1120, 1125 (N.D. Ga. 2004) ("Section 2255 provides federal prisoners with the opportunity to collaterally attack a conviction through a motion to vacate, set aside, or correct a sentence. But, § 2255 relief is not available to individuals that have completely served their federal sentence.").

The custody requirement is jurisdictional. Diaz v. Fla. Fourth Judicial Circuit ex rel. Duval Cnty., 683 F.3d 1261, 1263 (11th Cir. 2012) (discussing custody requirement under 28 U.S.C. § 2254); Serrato v. United States, No. 1:14-CV-1871-ODE-JSA, 2014 WL 6705459, at *2 (N.D. Ga. Nov. 26, 2014) (finding that

5

jurisdiction was lacking because the movant was not in custody on the relevant conviction at the time he filed his § 2255 motion).

Movant's total revocation term of thirty-six months (twenty-three months in prison and thirteen additional months of supervised release) was over by February 9, 2013, at the latest.[5] Accordingly, Movant was not in custody on her revocation sentence at the time she filed the instant § 2255 motion. Absent the required custody, this Court lacks jurisdiction to consider this case.

## II.     Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[5] At the time of her revocation hearing, Movant had been confined almost fourteen months on the revocation charges. (See Hr'g Tr. at 16). In imposing the revocation sentence, the Court stated that Movant would receive credit for time served. (Id. at 20). Thus, it appears that Movant's entire revocation sentence may have expired by mid-December 2011.

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted because it is not debatable that Movant fails to show that she is in custody under her revocation sentence which the Court imposed in 2010. If the Court adopts this recommendation and denies a COA, Movant is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's motion for leave to proceed *in forma pauperis* [140] is **DENIED** as unnecessary. See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 3, Advisory Committee Notes.

**IT IS RECOMMENDED** that Movant's § 2255 motion [139] be dismissed for lack of jurisdiction and that a COA be denied.

7

AO 72A
(Rev.8/82)

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED**, **ORDERED**, **and DIRECTED**, this 6th day of September, 2016.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE