IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LISA R. LEE,<br>    Movant, | : | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO.<br>1:03-CR-0043-LMM-JFK-2 |
| UNITED STATES OF AMERICA,<br>    Respondent. | : | |
| | : | CIVIL FILE NO.<br>1:16-CV-2817-LMM-JFK |

## ORDER ADOPTING MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's 28 U.S.C. § 2255 motion [139]; Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [141], which recommends that the motion be dismissed for lack of jurisdiction and that a certificate of appealability be denied; and Movant's objections [143].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the

AO 72A
(Rev.8/82)

face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

I.   **Discussion**

The Magistrate Judge summarized the facts relevant to Movant's § 2255 motion as follows. Movant pleaded guilty under the above criminal docket number, 1:03-cr-0043, to conspiracy to defraud the United States and mail fraud and in April 2005 received five concurrent eighteen-month terms of imprisonment and three years of supervised release. (R&R at 2, ECF No. 141, see also J., ECF No. 96.) Movant's term of supervised release began on November 20, 2006, and the government subsequently petitioned that Movant's release be revoked based on probation violations beginning in 2007. The Court held a revocation hearing in February 2010. (R&R at 2.)

> During the revocation hearing, the government reviewed Movant's conduct, thirteen probation violations which it classified as "massive criminal activity." (Hr'gTr. at 2-9, 18). Also at the hearing, after Movant told the Court that she wanted to start over and may want to travel, the Court stated, "[t]here is always a possibility there could be an indictment out of these charges and I gather [Movant] is aware of that, Mr. Saul, correct?" (Id. at 17, 19). Counsel responded, "She is aware." (Id.).

(R&R at 2 n.1.) On February 9, 2010, the Court revoked Movant's supervised release and sentenced Movant to twenty-three months in prison and thirteen additional months of supervised release. Movant did not directly appeal. (Id. at 2.)

On August 10, 2010, in a separate criminal action in this Court, Movant was indicted and later pleaded guilty to conspiracy, bank fraud, and aggravated identity theft. Indictment and Guilty Plea, United States v. Lee, No. 1:10-cr-0345-WCO-CCH-1 (N.D. Ga. Mar. 2, 2012) (hereinafter Lee-0345), ECF Nos. 1, 59-1.[1] The Eleventh Circuit Court of Appeals affirmed the judgment in Lee-0345, and this Court subsequently denied Movant's § 2255 motion Lee-0345. (R&R at 2-3 and n.2.)

On July 28, 2016, Movant submitted for filing the instant § 2255 motion, her first § 2255 motion in this action. (Mot. to Vacate, ECF No. 139.) Movant asserts ineffective assistance by Michael Saul, her counsel for the revocation proceedings. (Id. at 4-8, 10, 12 (stating that all grounds relate to Michael Saul's ineffectiveness).)

---

[1] The March 2, 2012 judgment in Lee-0345 does not show that the sentences in that judgment were imposed to run consecutively with Movant's revocation sentence. J., Lee-0345, ECF No. 70. Further, at the time that the Court in Lee-0345 imposed sentence on February 28, 2012, Movant's entire revocation sentence had expired, and the Court rejected Movant's argument that she should receive any credit for her revocation sentence. See Sentencing Tr. at 21-23, Lee-0345, ECF No. 77; Order of Oct. 23, 2014 at 6, Lee-0345, ECF No. 112.

Movant asserts that Mr. Saul was ineffective because he failed to inform the Court that Movant had entered into a written proffer agreement with the government in which the government had agreed not to indict Movant on her illegal conduct that was the subject of the proffer and the revocation proceedings. (Id. at 5, 8, 12.)

The Magistrate Judge found that Movant's § 2255 motion should be dismissed because jurisdiction was lacking based on the fact that, at the time she filed her § 2255 motion, Movant was no longer in custody under her revocation sentence. (R&R at 4-6.)² The Magistrate Judge also noted (1) that Movant's allegation in regard to a written agreement with the government that it would not indict her was contradicted by the record and appeared to be a deliberate misrepresentation and (2) that the petition appeared to be untimely in that "more than six years have passed between the February 23, 2010, date on which the February 9, 2010, revocation order became final and the filing of Movant's July 2016 § 2255 motion." (R&R at 3 n.1 and 4 n.4.)

Movant objects to the Magistrate Judge's findings (1) that the court lacks jurisdiction under § 2255 to review her expired revocation sentence on which she is no longer in custody, (2) that Movant had misrepresented that the government

---

² As indicated above in footnote one, Movant's revocation sentence had expired by the time the court in Lee-0345 imposed sentence.

4

allegedly promised not to indict Movant, (3) that her revocation sentence became final on February 23, 2010 and her § 2255 motion is untimely; (4) and that a certificate of appealability should be denied. (Objections at 1, ECF No. 143.) Movant asserts that under Spencer v. Kemna, 523 U.S. 1, 7 (1998), the Court has jurisdiction even though her revocation sentence has expired. (Objections at 2 n.1.) Movant further asserts that she remains in custody because her revocation sentence and Lee-0345 sentence were consecutive. (Id. at 7-8.)

On *de novo* review, Movant's objections fail. Spencer does not help Movant. The court in Spencer reiterated the rule that the in custody requirement is satisfied as long as "at the time the petition was filed" the petitioner was incarcerated on the challenged sentence, even though the petitioner subsequently may have been released. Id., 523 U.S. at 7. Here, *at the time* she filed her current motion, Movant was not incarcerated under the challenged revocation sentence. See Maleng v. Cook, 490 U.S. 488, 491 (1989) ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed."); Diaz v. State of Fla. Fourth Judicial Circuit ex rel. Duval Cty., 683 F.3d 1261, 1264 (11th Cir. 2012) (same).

5

Movant's argument that she remains in custody because her revocation sentence and her Lee-0345 sentence were consecutive fails. It is true that the law allows a challenge to an expired consecutive sentence that was imposed with a non-expired consecutive sentence in the same judgment. See Garlotte v. Fordice, 515 U.S. 39, 47 (1995) (involving consecutive sentences simultaneously imposed in a state trial court). Here, however, the sentences were not imposed in the same judgment, and the judgment in Lee-0345 does not show that it was imposed to be served consecutively with Movant's revocation sentence. Cf. Diaz, 683 F.3d at 1265 (stating that the purpose of habeas review "is not implicated . . . where different sovereigns impose individual sentences and the petitioner challenges the conviction for which the sentence has been fully satisfied"). Moreover, Movant's revocation term had already expired at the time that Movant's Lee-0345 sentence was imposed. Accordingly, the Court finds that, at the time she filed this action, Movant was not in custody under the revocation sentence. See Harding v. Raemisch, No. 16-1161, 2016 WL 3766115, at *1 (10th Cir. July 11, 2016) ("Mr. Harding's second sentence did not run consecutively with his first sentence; his first sentence expired in May 2010, and his second sentence was not imposed until the following month.").

6

As to Movant's remaining objections, the Magistrate Judge's notation on (1) the contradiction between the statement in open court that Movant was aware she could be indicted and her current assertion that she had an agreement with the government that she would not be indicted and (2) the application of the federal one-year limitations period appear correct. Further, the notations involve matters that do not affect the determination that the Court is without jurisdiction to entertain Movant's § 2255 motion. As to the portions of the Report and Recommendation to which there is no objection, the Court finds no clear error.

**II.  Conclusion**

For the reasons stated above,

**IT IS ORDERED** that Movant's objections [143] are **OVERRULED** and that the Magistrate Judge's Final Report and Recommendation [141] is **ADOPTED** as the Order of this Court. **IT IS ORDERED** that Movant's § 2255 Motion to Vacate [139] is **DISMISSED** for lack of jurisdiction and that a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**, this 17th day of October, 2016.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

7